UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
RICHARD GILFUS, JR.; PATRICIA GILFUS;
JOHN GILFUS,

                              Petitioners,

                                                                      9:04-CV–188
   -v.-                                                                (DNH)(RFT)
                                                                           *Lead Case*

JAMES VARGASON,                                          9:04-CV-190
                                  Respondent.                  9:04-CV-189
                                                                   *Member Cases*

--------------------------------------------------------------------------

**APPEARANCES:**                                   **OF COUNSEL:**

OFFICE OF BJORN J. HOLUBAR          BJORN J. HOLUBAR, ESQ.
Counsel for Petitioners
770 Lexington Avenue, 7th Floor
New York, New York 10021

CAYUGA COUNTY DISTRICT ATTORNEY   CHRISTOPHER T. VALDINA, ESQ.
Counsel for Respondent
154 Genesee Street
County Courthouse Annex
Auburn, New York 13201

RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE

## **ORDER**

      Presently before the Court is a Motion to Withdraw as Counsel filed by Bjorn Holubar, Esq., attorney for the Petitioners. Dkt. No. 21. Petitioners have filed a Response to the Motion to Withdraw, indicating their consent to same. Dkt. No. 25. Petitioners have also filed a Motion for Return of Files from Attorney Holubar. Dkt. 27. Attorney Holubar did not file a Response to Petitioners' Motion.

**I.    Motion to Withdraw as Attorney for Petitioners**

      The granting or denying of a motion to withdraw in a civil case is a matter left to the

sound discretion of the trial court. *Brown v. Nat'l Survival Games*, 1994 WL 660533 (N.D.N.Y. Nov. 18, 1994) (citing *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)).

Rule 83.2 of the Local Rules of the Northern District of New York provides that an attorney appearing for a party in a civil case may withdraw only if: (1) notice is provided to the client and all parties to the case and (2) the Court issues an order granting leave to withdraw based upon a finding of good cause. Counsel satisfied the first requirement under the Rule by providing notice to Petitioners and opposing counsel. Dkt No. 21. As to the second requirement, Holubar has submitted to the Court an Affirmation setting forth the reasons why he should be permitted to withdraw as Petitioners' attorney. The most convincing reason is that the Petitioners have discharged him and wish to proceed *pro se*. Thus, it is clear to this Court that Petitioners are in full agreement with Holubar's request.

The Court finds that the information provided by Holubar constitutes "good cause" for granting leave to withdraw. Accordingly, Holubar's Motion to Withdraw as Petitioners' attorney is **granted**. <u>In accordance with Local Rule 83.2(b), Holubar is directed to serve a copy of this Order upon the Petitioners and file an Affidavit of Service with the Clerk within thirty (30) days of the filing date of this Order.</u>

**II.  Motion for Return of Files**

Petitioners have filed a Motion for Return of their Files. In their Motion, Petitioners state that Attorney Holubar is in possession of a wide variety of documents, video tapes, transcripts, audio tapes, photographs, reports and other information related to the events giving rise to their *Habeas* Petitions. Petitioners further allege that, in many instances, Attorney Holubar has the only copies of these items in existence. Petitioners alleges that on occasion, in response to their prior

requests, Attorney Holubar has asserted that the documents and materials would be sent to Petitioners. However, Petitioners assert that, as of the date of the filing of their Motion, the documents and materials have not been received from Attorney Holubar.[1] Attorney Holubar has not responded to Petitioners' Motion or in any way controverted the assertions made by Petitioners in their Motion.

Accordingly, Attorney Holubar is ordered to copy and return to Petitioners all documents or other materials that relate to the events giving rise to this Petition or his representation of Petitioners in this action, whether provided to counsel by the Petitioners or others acting on their behalf or at their direction. Attorney Holubar's work product <u>may</u> be withheld from this disclosure. Such documents and materials shall be provided to Petitioners within **<u>thirty (30) days</u>** from the filing date of this Order, by a means that requires at least one of the Petitioners to sign for, or verify, receipt of same. Said documents shall also be accompanied by a detailed listing of all items delivered to Petitioners. Counsel shall file with this Court, within **<u>forty five (45) days</u>** from the filing date of this Order, a copy of the detailed listing of all items delivered to Petitioners, and proof of delivery of same to Petitioners. Counsel's failure to comply with this Order may result in the imposition of sanctions by this Court.

WHEREFORE, it is hereby

ORDERED, that Attorney Holubar's Motion to Withdraw (Dkt. No. 21) is **GRANTED**,

---

[1] Petitioners also seek a statement of services rendered and a statement of their account in accordance with their retainer agreement with Attorney Holubar. Petitioners are advised that matters or disputes related to client funds may be addressed to the Attorney Grievance Committee for the District in which the attorney's office is located. Addresses for those Attorney Grievance Committee Offices may be obtained from the New York State Unified Court System at www.nycourts.gov, or New York State Unified Court System, Office of Court Administration, 25 Beaver Street, New York, NY 10004.

Holubar is directed to serve a copy of this Order upon the Petitioners and file an Affidavit of Service with the Clerk **within thirty days** of the filing date of this Order; and it is further

ORDERED, that Petitioners' Motion for Return of Files (Dkt. No. 27) is **GRANTED**; and it is further

ORDERED, that Attorney Holubar copy and return to Petitioners all documents or other materials that relate to the events giving rise to this action or his representation of Petitioners in this action, whether provided to counsel by the Petitioners or others acting on their behalf or at their direction.  Attorney Holubar's work product may be withheld from this disclosure.  Such documents and materials shall be provided to Petitioners within **thirty (30) days** from the filing date of this Order, by a means that requires at least one of the Petitioners to sign for, or verify, receipt of same.  Said documents shall also be accompanied by a detailed listing of all items delivered to Petitioners; and it is further

ORDERED, that Attorney Holubar shall file with this Court, within **forty five (45) days** from the filing date of this Order, a copy of the detailed listing of all items delivered to Petitioners, and proof of delivery of same to Petitioners; and it is further

ORDERED, that the Petitioners acquaint themselves with the Rules of Practice for the Northern District of New York if they intend to proceed with this action *pro se*.  Further, all documents relating to this action shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of same was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court**

**which does not include a certificate of service which clearly states that an identical copy of same was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.**  All parties must comply with Rule 7.1 of the Northern District of New York in the filing of motions.  **Petitioners are also required to promptly notify the Clerk's Office and counsel for the respondent of any change in their addresses; their failure to do same will result in the dismissal of the instant action**; and it is further

    ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Date:   September 20, 2005
          Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge